**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MARIA SANCHEZ
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

DC SUPER POLLO, INC.
d/b/a SUPER POLLO
1327 Connecticut Avenue NW
Washington, DC 20036

SHAFIQ N. AHMAD
20545 Five Oaks Court
Potomac Falls, VA 20165

    Defendants.

Civil Action No. _____

# COMPLAINT

1. While Plaintiff worked at Defendants' restaurant, Defendants paid her a flat daily salary that denied her minimum and overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### Parties

5. Plaintiff Maria Sanchez is an adult resident of the District of Columbia.

6. Defendant DC Super Pollo, Inc. is a District of Columbia corporate entity. It does business as Super Pollo. Its principal place of business is located at 1327 Connecticut Avenue NW, Washington, DC 20036. Its registered agent for service of process is Raj Mallick, 1329 Connecticut Avenue NW, Washington, DC 20036.

7. Defendant Shafiq N. Ahmad is an adult resident of Virginia. He resides at 20545 Five Oaks Court, Potomac Falls, VA 20165. He is an owner and officer of Defendant DC Super Pollo, Inc. He exercises exclusive control over the operations of DC Super Pollo, Inc. — including its pay practices.

### Factual Allegations

8. Defendants own and operate the restaurant Super Pollo, located at 1327 Connecticut Avenue NW, Washington, DC 20036.

9. Plaintiff worked at Super Pollo from approximately October 14, 2018 through approximately October 23, 2019.

10. Plaintiff worked at Super Pollo as a kitchen laborer.

11. Plaintiff's job duties at Super Pollo primarily consisted of cutting vegetables, preparing dressings, making salads, marinating chicken, and cleaning the restaurant.

12. Prior to approximately June 1, 2019, Plaintiff typically and customarily worked six days a week.

13. Prior to approximately June 1, 2019, Plaintiff typically and customarily worked seventy-five hours per week.

14. Starting on approximately June 1, 2019, Plaintiff typically and customarily worked five days a week.

15. Starting on approximately June 1, 2019, Plaintiff typically and customarily worked sixty-two and a half hours per week.

16. At all relevant times, Defendants paid Plaintiff a daily salary.

17. Defendants paid Plaintiff approximately the following daily salaries:

| Approximate Date | Daily Salary | Amount Paid Per Week | Effective Hourly Rate |
|---|---|---|---|
| Oct. 14, 2018–May 31, 2019 | $100.00 | $600.00 | $8.00 |
| Jun. 01, 2019–Oct. 23, 2019 | $110.00 | $550.00 | $8.80 |

18. D.C. law required that employers pay employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

19. At all relevant times, Defendants paid Plaintiff by check, with no accompanying paystub.

20. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

21. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

22. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty in a workweek.

23. At all relevant times, in addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable D.C. minimum wage.

24. Defendants owe Plaintiff approximately $30,556.88 in minimum and overtime wages (excluding liquidated damages).

25. Defendant Shafiq N. Ahmad set Plaintiff's pay.

26. Defendant Shafiq N. Ahmad signed Plaintiff's paychecks.

27. At all relevant times, Defendants had the power to hire and fire Plaintiff.

28. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

29. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

30. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

31. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in any one workweek.

32. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

33. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

34. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

35. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

36. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

37. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

38. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

39. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

40. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

41. Defendants' violations of the FLSA were willful.

42. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA**

43. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44. Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

45. The DCMWA requires that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through the present. D.C. Code § 32-1003(a).

46. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

47. Defendants violated the DCMWA by knowingly failing to pay the required D.C. minimum wage to Plaintiff.

48. Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

49. Defendants' violations of the DCMWA were willful.

50. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

51. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

52. Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

53. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

54. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

55. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

56. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

6

57. Defendants' violations of the DCWPCL were willful.

58. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. supp. 3d 117, 123 (D.D.C. 2016)("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**126,627.52**, and grant the following relief:

    a.    Award Plaintiff $122,227.52, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,000.00);

d. Award Plaintiff court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.

Date: January 23, 2020 	Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*